IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Cecil Shah El (#102308) a/k/a Cecil Shaw, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 50123 |
| v. ) | |
| ) | Judge John Robert Blakey |
| Maureen Josh, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff must either: (1) pay the full statutory filing fee of $400; or (2) submit a properly supported renewed *in forma pauperis* application that (a) is certified by trust fund officers at all facilities where he was incarcerated from approximately November 17, 2018, to the present and (b) attaches copies of his trust fund statements showing activity in his accounts at those facilities during this period. If Plaintiff does not comply by August 19, 2019, the Court will summarily dismiss this lawsuit. Plaintiff's "Motion to Waive all United States Municipal Court Document Fees" [4] is denied. Plaintiff is advised that he must promptly submit a change-of-address notification if he is released or transferred to another facility. If he does not keep the Clerk apprised of his correct address, this case will be subject to dismissal. The Clerk is directed to: (1) send a blank application to proceed *in forma pauperis* and a copy of this order to Plaintiff; and (2) send a copy of this order to the trust fund officer at the DeKalb County Jail, who is reminded of the obligation to make aggregated trust fund deductions as detailed in this order. The Court also asks the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until all outstanding filing fees have been paid in full.

## STATEMENT

DeKalb County Jail pretrial detainee Cecil Shah El, also known as Cecil Shaw, has brought this wide-ranging *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Before the Court can screen his complaint, it must determine if he is entitled to proceed *in forma pauperis* (IFP). The Court will also consider his "Motion to Waive all United States Municipal Court Document Fees" at this time since it relates to his fee status.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $400 filing fee upfront, he may submit an IFP application (in other words, a request for permission to pay the fee over time with monthly installments taken from his trust fund

account; in that instance, the filing fee is $350 as an administrative fee is waived). An inmate seeking to proceed IFP must obtain a certificate from an authorized official stating the amount of money on deposit in his trust fund account and provide a certified trust fund statement covering the six-month period immediately preceding the submission of the complaint. 28 U.S.C. § 1915(a)(2). In addition, he must complete the Court's IFP application, which requires disclosure of all income and assets received in the past twelve months. The Court evaluates twelve months of financial information to determine if an inmate is eligible to proceed IFP. If so, the Court calculates the initial partial filing fee using the trust fund certification and the inmate's trust fund ledgers.

There are two problems with Plaintiff's IFP application. First, he has provided certified trust fund ledgers from the DeKalb County Jail that begin on April 27, 2019 and end on May 18, 2019. Plaintiff's custodial locations during the past six months are unclear, but his complaint indicates that he was at the Cook County Jail for an unknown amount of time due to an arrest on April 13, 2019. *See* [1], p. 25. His IFP application provides no information from Cook County Jail and is therefore incomplete. Providing several weeks of trust fund ledgers from the DeKalb County Jail is insufficient under PLRA given that he appears to have been in custody elsewhere for at least portions of the six-month lookback period.

Second, Plaintiff wrote "N/A" in response to all of the questions on the IFP form. As a practical matter, by doing so he represented that he has never held a job and that he received less than $200 in income (including gifts and all other sources of money) during the entire calendar year prior to initiating this action. Yet he received $170 in just the three-week period covered by his DeKalb County Jail trust fund ledgers, and he had an additional $65 transferred in by the Cook County Jail. Plaintiff's decision to provide incorrect financial information under oath is unacceptable, especially since Plaintiff signed and printed his name under the statement "I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue." *See* [3], p. 4. Plaintiff is admonished to take this warning seriously moving forward, as the Court will not overlook untrue statements relating to finances or any other matters.

Because of these deficiencies, if Plaintiff wants to proceed with this case, he must provide a list of the facilities where he was in custody starting six months prior to the initiation of this lawsuit (in other words, from approximately November 17, 2018 to the present). In addition, he must submit a signed, accurate, and fully completed renewed IFP application that discloses financial information for the past twelve months and includes financial information (*i.e.*, a certification from an authorized correctional official and a corresponding trust fund account statement) for ***each*** facility where he was incarcerated from November 3, 2018 to the date that he complies with this order. He can obtain this information from any prior facility by sending a written request. Alternatively, he can pay the full $400 filing fee by the

date specified above. If Plaintiff does not comply, the Court will summarily dismiss this action. If Plaintiff wants to pay the full $400 fee upfront, he should send a check or money order made payable to the Clerk, to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify his name and the case number assigned to this case.

Plaintiff is advised that if he renews his IFP application, he must carefully and accurately answer each and every question on the IFP form. Checking "no" in response to all of the questions will be deemed inadequate if that answer is incorrect for any of the questions. This includes any misrepresentations about gifts that Plaintiff received from friends or family during the past twelve months, as this income must be disclosed. *See Lucien v. DeTella*, 141 F.3d 773 (7th Cir. 1998). In this regard, Plaintiff is reminded that although he need only provide six months of certified trust fund statements, the Court's IFP form requires him to provide financial information for the past twelve months (in other words, starting from May 18, 2018 to the present). This includes disclosure of any source of income whatsoever totaling $200 or more in the past twelve months. Plaintiff is warned that any misrepresentations regarding his finances in his renewed IFP application will subject this lawsuit to dismissal. *See Coleman v. Calumet City*, 754 Fed. App'x 468, 468-69 (7th Cir. Feb. 27, 2019) (affirming dismissal with prejudice based on inaccurate IFP financial disclosures despite *pro se* inmate's claim that misrepresentations were due to an "oversight").

In addition, a review of the limited trust fund ledgers provided by Plaintiff and an audit of his prior cases reflects that, despite prior Court orders, he is not making payments toward accrued filing fees. **Consequently, the Court advises Plaintiff's trust fund officer at his current place of confinement (and any future places of confinement) that they must turn over 100% of any deposits exceeding $10 per month into Plaintiff's account to the Clerk to pay accrued filing fees until those fees are paid in full**. Specifically, the PLRA requires 20% monthly deductions for each case in which an inmate is proceeding IFP. *Bruce v. Samuels*, 136 S. Ct. 627, 632-33 (2016). The obligation to collect and remit aggregated funds received by Plaintiff that exceed $10 each month applies to *all* deposits to Plaintiff's account, not just income he earns at any institutional job.

Plaintiff has previously been allowed to proceed IFP in two cases in this district and one associated appeal.[1] *See Shaw v. Does*, Case No. 06 C 5906 (N.D. Ill.) (owes $350); *Shaw v. Dart*, Case No. 15 C 0199 (N.D. Ill.) (owes $350); *Shaw v. Vanzandt*, Appellate Case No. 09-3047 (7th Cir.) (owes $455). In addition, the statutory $400 filing fees for three removed cases in this district and an associated appeal need to be collected from Plaintiff's trust fund account using the mechanism in 28 U.S.C. § 1915(b). *See Shaw v. State of Illinois*, Case No. 17 C 50366 (N.D. Ill.) (owes $400); *Shah El v. Byers*, Case No. 18 C 50045 (N.D. Ill.) (owes $400); *Shaw v.DeKalb County*

---

[1] Plaintiff appears to owe additional filing fees in the Central District of Illinois. The trust fund custodian should contact the Clerk of that Court to determine the amount of any fees that might be owed there, as well as any fees owed for associated appeals.

*Sheriff's Office*, Case No. 18 C 50145 (N.D. Ill.) (owes $400); *Shaw v. State of Illinois*, Appellate Case No. 18-1053 (7th Cir.) (owes $505). The Court therefore authorizes and orders the trust fund officer at Plaintiff's place of incarceration to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account for Case Nos. 17 C 50366, 18 C 50045, and 18 C 50145, and Appellate Case No. 18-1053, as well as Case Nos. 06 C 5906 and 15 C 0199, and Appellate Case No. 09-3047. Monthly aggregated payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the fees have been paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the relevant case number(s).

Because Plaintiff owes fees in five cases and two appeals in this district (not counting this case, where his fee status is still open, or any matters in the Central District), for a total of seven matters and $2,510 in outstanding filing fees, the trust account custodian **must deduct 100% of his account each month he receives at least $10.00** until his filing fee obligations have been paid. Plaintiff is advised that if he is granted leave to proceed IFP in any additional cases or appeals or otherwise accrues additional filing fees, the trust fund custodian will move the new obligations onto the list of cases or appeals requiring monthly deductions as Plaintiff pays off his debt to the Court over time. Plaintiff's filing fee obligations will follow him until they are satisfied in full, even if he is transferred to another facility or released.

This leaves Plaintiff's "Motion to Waive all United States Municipal Court Document Fees." Plaintiff appears to be asking the Clerk to provide copies of documents for free upon request. Plaintiff's fee status is currently unresolved, but even if he was proceeding IFP, that status would not entitle him to free copies of documents from the Clerk. *See Lucien*, 141 F.3d at 774 (explaining that "[a]ll § 1915 has ever done is excuse pre-payment of the docket fees"; the litigant remains responsible for paying those fees as well as any other costs of litigation); *see also Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) (inmates have no right to have "the public treasury[] defray all or part of the cost of litigation" because the "fundamental right of access to the courts" does not include a "right of subsidized access"). Plaintiff's motion to waive copying fees is denied.

Dated: July 18, 2019

Entered:

_____
John Robert Blakey
United States District Judge